SCPW-20-0000200 and SCPW-20-0000213

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

SCPW-20-0000200

OFFICE OF THE PUBLIC DEFENDER, Petitioner,

vs.

CLARE E. CONNORS, Attorney General of the State of Hawaiʻi;
DONALD S. GUZMAN, Prosecuting Attorney, County of Maui;
MITCHELL D. ROTH, Prosecuting Attorney, County of Hawaiʻi;
JUSTIN F. KOLLAR, Prosecuting Attorney, County of Kauaʻi;
DWIGHT K. NADAMOTO, Acting Prosecuting Attorney, City and County
of Honolulu, Respondents.

------------------------------------------------------------

SCPW-20-0000213

STATE OF HAWAIʻI OFFICE OF THE PUBLIC DEFENDER, Petitioner,

vs.

DAVID Y. IGE, Governor, State of Hawaiʻi; NOLAN P. ESPINDA,
Director, State of Hawaiʻi Department of Public Safety;
EDMUND (FRED) K.B. HYUN, Chairperson, Hawaiʻi Paroling Authority,
Respondents.

---

ORIGINAL PROCEEDING

<u>THIRD INTERIM ORDER</u>
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.,
and with Wilson, J., also concurring separately)

On April 23, 2020, in response to this court's April 15, 2020 interim order, Special Master Daniel R. Foley ("Special Master") filed his second summary report and recommendations ("Second Interim Report"). The Second Interim Report provides updated population numbers and details the efforts that have been undertaken since the initial summary report and initial recommendations were filed. The Second Interim Report also attaches as exhibits the Department of Public Safety's ("DPS") weekly population reports (dated April 13, 2020 and April 20, 2020), a letter from the Office of the Public Defender ("OPD") apprising the Special Master of its efforts to comply with this court's April 15, 2020 Interim Order and stating some concerns, the Hawaiʻi Paroling Authority's progress report (dated April 22, 2020), a letter from the Hawaiʻi Correctional Systems Oversight Commission to DPS Director Nolan Espinda (dated April 10, 2020) and DPS's response letter (dated April 17, 2020), and a letter from the Hawaiʻi Correctional Systems Oversight Commission to the Special Master (dated April 21, 2020) stating some concerns.

Upon consideration of the Second Interim Report, including the exhibits, and the record,

IT IS HEREBY ORDERED that:

1. The Special Master shall continue to work with the parties, the amici, and the many stakeholders to expeditiously address the issues in this original proceeding in an effort to facilitate a collaborative resolution while protecting public health and public safety. Efforts shall continue to be undertaken to reduce the inmate population of correctional centers and facilities to design capacity.

2

2. We reiterate and clarify previous directives of the court:

a. We have expressly stated that this court's orders do not affect DPS's authority under the law to release inmates on its own accord. Any deferral by DPS to this court with regards to population relief efforts would be contrary to this court's directive. DPS should continue its efforts to implement population relief proposals and any other measures within its authority to ensure public health with respect to the COVID-19 pandemic.

b. Pursuant to paragraph 4 of the April 15, 2020 Interim Order, this court directed DPS to inform inmates of various additional conditions of their release and the inmate's continuing obligation to abide by the conditions of release. Upon an inmate's release, DPS shall provide the inmate a copy of paragraph 4 of the April 15, 2020 Interim Order. The inmate is not required to sign that document nor is it required that the document be filed with the court. Any court orders containing such a requirement are superseded by this order.

c. As provided in paragraph 2.c. of the April 15, 2020 Interim Order, release shall be presumed, unless the court finds that the release of the inmate would pose a significant risk to the safety of the inmate or the public.

d. As provided in paragraph 4.f. of the April 15, 2020 Interim Order, a verified residence for an inmate should not be required in every case. Specifically, whether a verified residence for an inmate will be required in a specific case is left to the discretion of the judge, but alternative means of maintaining contact such as telephone, probation review hearings, or scheduled contacts with probation officers may also be employed by the court. Judges are required to make individualized determinations and must not require verified

residences for defendants, unless such a condition is supported by specific factual findings in an individual case.

3.    DPS shall file a brief explanation of the definitions of "head count" and "assigned count" reflected in its population reports and the reason for the different designations.

4.    To the extent it has not done so already, DPS shall provide protective masks to each inmate as soon as possible.  Inmates in custody must wear protective masks when transported outside a correctional center or facility.

5.    The Special Master may file reports or recommendations for orders to this court as he deems appropriate, but shall file another summary report with any recommendations on April 30, 2020.  In his discretion, the Special Master may file confidential documents under seal.

6.    This order does not limit the continued collaborative and ongoing efforts currently being undertaken to reduce the inmate populations.

7.    This court reserves its authority to order other measures based on changed circumstances.

DATED: Honolulu, Hawaiʻi, April 24, 2020.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson

